IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUN 11 2012

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

| | |
|---|---|
| PATRICIA LEACH, REBECCA SMITH, DEBRA McKEE, BRIAN McKEE, RAY DANFORTH, LINDA DANFORTH, CARLIS SMITH and LYDIA SMITH, | : : : : : |
| Plaintiffs, | First Amended and Substituted Complaint |
| vs. | Civil Action No. 5:12-cv-5101-JLH |
| LINDSEY MANAGEMENT CO., INC., and JAMES E. LINDSEY, | |
| Defendants. | |

### FIRST AMENDED AND SUBSTITUTED COMPLAINT

COME NOW Plaintiffs Patricia Leach, Rebecca Smith, Debra McKee, Brian McKee, Ray Danforth, Linda Danforth, Carlis Smith and Lydia Smith, who are each individuals who are residents of the United States and who were employed by Lindsey Management Co., Inc., and James E. Lindsey (collectively "Defendants") at apartment complexes in Arkansas and in other states, by and through their attorneys Anne Milligan and Josh Sanford of Sanford Law Firm, PLLC. Plaintiffs intend to be represented by Mr. David Hughes of Tuscaloosa, Alabama, as well. Plaintiffs have filed this action against Defendants for past wages owed in the nature of unpaid overtime, as well as other damages and remedies. Plaintiffs contend that Defendants violated and continue to violate the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, et seq. The following allegations are based on personal knowledge as to Plaintiffs' own

conduct and are made on information and belief as to the acts of others.

I.

## INTRODUCTION

1. Plaintiffs have not yet obtained service on any Defendant herein; no Defendant herein has filed an answer or other responsive pleading.

2. Plaintiffs have the right pursuant to Rule 15 of the FRCP to amend the Original Complaint filed herein without leave of Court.

3. The purpose of this First Amended and Substituted Complaint is to add Plaintiffs Ray Danforth, Linda Danforth, Carlis Smith and Lydia Smith.

4. Plaintiffs bring this action for declaratory judgment, damages, back-pay, restitution, liquidated damages, civil penalties, prejudgment interest, and any other relief that the Court deems just and reasonable under the circumstances.

II.

## JURISDICTION AND VENUE

1. Plaintiffs have all recently filed Consents to Join in a proposed collective action case called <u>Chad Lochridge, et al. v. Lindsey Management Co., Inc., et al.</u>, U.S.D.C (W.D. Ark.), having case number 5:12-cv-05047-JLH.  Doc. Nos. 8, 9 and 10.

2. The purpose of the filing of this Complaint is to preserve Plaintiffs' damages in the event that the Court in the case referred to above does not grant that Motion for Collective Action that Plaintiffs will file therein.

3. Plaintiffs intend to move to consolidate this case into the <u>Lochridge</u> case.

4. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b)

and 28 U.S.C. § 1331.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

6. At all relevant times herein, Defendants' business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r)

7. At all relevant times herein, Defendants employed and continue to employ persons in its place of business in furtherance of the activities of the above enterprise while engaged in commerce and, also at all relevant times herein, Defendants engaged and continue to engage in commerce by handing, selling, and/or working on good or materials that have been moved in, or produced for, commerce.

III.

### RELEVANT TIME PERIOD

8. The FLSA permits Plaintiffs to recover unpaid wages and liquidated damages for up to three years prior to the commencement of their lawsuit and the period of additional time, if any, that Plaintiffs' claims were tolled and extended by agreement of Defendants, by equity, or by operation of law.

IV.

### PARTIES

9. Plaintiff Patricia Leach is an individual currently residing in Marion, Arkansas. She was formerly employed by Defendants as a Community Director or some similar position at an apartment complex owned by Defendants at times relevant to this

Complaint and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

10. Plaintiff Rebecca Smith is an individual currently residing in West Memphis, Arkansas. She was formerly employed by Defendants as a Community Director or some similar position at an apartment complex owned by Defendants at times relevant to this Complaint and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

11. Plaintiffs Debra McKee and Brian McKee are married individuals currently residing at West Memphis, Arkansas. They were each formerly employed by Defendants as a Community Director or a similar at an apartment complex owned by Defendants at times relevant to this Complaint and, pursuant to 29 U.S.C. § 216(b), they have consented in writing to being a Plaintiff in this action.

12. Plaintiffs Ray Danforth and Linda Danforth are married individuals currently residing in Olive Branch, Mississippi. They were each formerly employed by Defendants as a Community Director or a similar at an apartment complex owned by Defendants at times relevant to this Complaint and, pursuant to 29 U.S.C. § 216(b), they have consented in writing to being a Plaintiff in this action.

13. Plaintiffs Carlis Smith and Lydia Smith are married individuals currently residing at Edmond, Oklahoma. They were each formerly employed by Defendants as a Community Director or a similar at an apartment complex owned by Defendants at times relevant to this Complaint and, pursuant to 29 U.S.C. § 216(b), they have consented in writing to being a Plaintiff in this action.

14. Defendant Lindsey Management Co., Inc., is an Arkansas corporation headquartered in Fayetteville with offices throughout the southeast United States that operates apartment complexes throughout the United States, including in this judicial district.

15. Defendant Lindsey Management Co., Inc., employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

16. Defendant Lindsey Management Co., Inc., has an annual gross of business that exceeds $500,000.00.

17. Defendant Lindsey Management Co., Inc., should be served by its registered agent for service, namely D. Scott Rogerson, 200 E. Joyce Blvd., 6th Floor, Fayetteville, AR 72703

18. Defendant James E. Lindsey is the chairman of Lindsey Management Co, Inc. and is an individual over twenty-on (21) years of age.

19. James E. Lindsey is, upon information and belief, a resident of Arkansas. At all times relevant to the claims made the basis of this suit, James E. Lindsey was the chairman of Lindsey Management Co., Inc. and had operational control over the day to day functions of the Plaintiffs as well as direct responsibility for the compensation of the Plaintiffs.

20. James E. Lindsey is engaged in commerce or in the production of goods for commerce as contemplated by 29 U.S.C. §§ 203(r), 203(s).

## V.

## **FACTS**

18.   Plaintiffs adopt by reference each and every material averment set out above as if fully set forth herein.

19.   Plaintiffs were all employed in similar salaried positions at various facilities of Defendant's during the three years preceding the filing of this lawsuit..

20.   All Plaintiffs worked for the Defendants as Assistant Managers or were called Community Directors. When the Plaintiffs became Community Directors, they were paid a salary of approximately $455 per week, plus bonuses. However, even as so-called salaried employees, Plaintiffs were still performing the same duties as when they were paid hourly, and still had no independent discretion but simply implemented corporate decisions and specific procedures.

21.   Defendants' customary practice was to have the Plaintiffs work 60 or more hours per week, for which, as an hourly employee, they would have received overtime for all hours in excess of 40. As an alleged salaried employee, they were only paid at or near $455 for 40 hours per week despite working 60 or more hours per week. None of the hours which they worked over 40 in a workweek were paid at an overtime rate.

22.   The Defendants, despite direct knowledge of the Plaintiff's additional work hours, only paid the Plaintiffs for 40 hours per week. Further, the Plaintiffs were not paid an appropriate overtime rate for the hours that they worked over 40 in a workweek. This resulted in the Plaintiff working many hours that were not compensated at all, much less at time and a half rate for overtime hours.

23. Throughout Plaintiff's employment, Plaintiffs regularly were required to work at least 20 to 30 hours of overtime per week.

24. Defendants have refused to pay Plaintiff any pay for hours worked beyond 40, much less an overtime rate of 1.5 times their regular rate for hours worked over 40 in a workweek.

## VI.

## COUNT ONE:

### A.   FLSA OVERTIME VIOLATIONS

28. Plaintiff adopts by reference each and every material averment set out above as if fully set forth herein.

29. Defendants have failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiffs for all of their hours worked and at one and one half the regular hourly rate per hour for hours worked in excess of forty hours per week during Plaintiffs' employment as described in this Complaint.

30. Defendant's failure to pay overtime for all hours worked in a workweek or time and a half pay for time over 40 hours in a workweek, is impermissible under the FLSA.

31. Defendants have failed to properly pay Plaintiffs for at least three years preceding the filing of this complaint.

32. Defendants' willful violations have caused financial damage to Plaintiffs, consisting of loss of pay.

33. At all material times herein, Plaintiffs have been entitled to the rights,

protections, and benefits provided under the FLSA.

35. Defendants violated the FLSA by failing to pay overtime compensation to Plaintiffs.

36. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

37. Defendants were, and are, subject to the overtime pay requirements of the FLSA because it, as an enterprise, and its employees are engaged in commerce.

38. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to the Plaintiffs. Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

39. Defendants' failure to accurately pay overtime was, and is, willfully perpetrated. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

40. Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate as well as reimbursement of their costs, attorneys' fees, and expenses incurred.

41. As a result of these willful violations of the FLSA's overtime provisions; overtime compensation has been unlawfully withheld by the Defendants from Plaintiffs for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

### B. FIRST PRAYER FOR RELIEF

**WHEREFORE,** premises considered, Plaintiffs Patricia Leach, Rebecca Smith, Debra McKee and Brian McKee respectfully pray as follows:

a. That Plaintiffs be awarded damages in the amount unpaid overtime compensation and benefits, plus an equal amount of liquated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

b. That Plaintiffs be awarded their reasonable attorney's fees, including the costs and expenses of this action; and

c. That Plaintiffs be awarded such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

### VII.

### COUNT TWO:

### A. UNJUST ENRICHMENT

42. Plaintiffs adopt by reference each and every material averment above as if fully set forth herein.

43. Defendants have received and benefited from the uncompensated labors of Plaintiffs, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

44. At all relevant times hereto, Defendants devised and implemented a plan

to increase their earnings and profits by fostering a scheme of securing work from Plaintiffs without paying overtime compensation for all hours worked.

45. Contrary to all good faith and fair dealing, Defendants induced Plaintiffs to perform work during the day while failing to pay the overtime compensation for all hours worked.

46. By reason of having secured the work and efforts of Plaintiffs without paying the overtime compensation, Defendants enjoyed reduced overhead with respect to their labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiffs. Defendants retained and continue to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

47. Accordingly, Plaintiffs are entitled to judgment in an amount equal to the benefits unjustly retained by Defendants.

### B. SECOND PRAYER FOR RELIEF

**WHEREFORE,** premises considered, Plaintiffs Patricia Leach, Rebecca Smith, Debra McKee and Brian McKee, respectfully pray as follows:

A. The Court issue proper process to compel Defendants to answer or otherwise plead to the allegations contained in the Complaint;

B. This Court award Plaintiffs, to be paid by the Defendants, the amount of their unpaid and/or improperly paid wages, computed at a proper rate, plus an additional equal amount as liquidated damages;

C. That Plaintiffs be granted judgment against the Defendants for all

reasonable attorneys' fees, costs, disbursements and compensatory damage; and

      D.    For such other and further relief as the FLSA and all other applicable law dictates, and that this Court deems equitable, proper and just.

Respectfully Submitted,

**PATRICIA LEACH, REBECCA SMITH, DEBRA McKEE, BRIAN McKEE, RAY DANFORTH, LINDA DANFORTH, CARLIS SMITH and LYDIA SMITH, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S SHACKLEFORD STE 400
LITTLE ROCK, AR 72211
PHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Anne Milligan
Ark Bar No. 2010263
anne@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Copy to:

David A. Hughes
(ASB-3923-U82D)
**Attorney at Law**
2121 14th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 344-6690
Fax: (205) 344-6188
dhughes@hardinhughes.com